UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                          Case No. 10-C-208

APPROXIMATELY $4734 US CURRENCY,

        Defendant.

**ORDER**

On March 12, 2010 Plaintiff, United States of America, filed a Verified Complaint for Civil Forfeiture alleging that the defendant property – approximately $4,734 in United States currency – was used or was intended to be used in illegal drug transactions. On March 30, 2010, Claimant Quentin Perkins asserted a claim to the disputed currency and an answer to the complaint denying that the money was used or intended for use in drug transactions. (Dkt. 8.)

On August 6, 2010, shortly after entry of a scheduling order, the government served counsel for Perkins with a set of interrogatories and a request for production of documents directed toward the source of the defendant funds. Under Rules 33 and 34 of the Federal Rules of Civil Procedure, Perkin's responses were due on or before September 7, 2010. When no response was served, AUSA Scott Campbell sent a letter to Perkins' attorney to contact him if additional time was needed to respond. Counsel failed to do so.

On September 21, 2010, AUSA Campbell sent a second letter to Perkins' counsel advising him that if he did not receive responses to the discovery requests by October 1, 2010, he would file

a motion to compel. On September 23, 2010, counsel sent AUSA Campbell a letter explaining that Perkins was in jail but due to be released by September 27, 2010. Counsel requested an extension to October 8, 2010, to respond. AUSA Campbell agreed. October 8, 2010, came and went without a response, however.

On October 14, 2008, AUSA Campbell sent a letter to counsel for Perkins indicating that if the discovery responses were not received by October 22, 2010, he would file a motion to compel. When the responses were not received, AUSA Campbell filed a motion to compel on October 25, 2010, requesting that Perkins be ordered to respond to his discovery requests within ten days, and that he be allowed additional time thereafter to file a dispositive motion. Perkins did not respond to the government's motion, and on November 30, 2010, this Court entered an order granting the government's motion to compel and directing Perkins to serve his response to the government's discovery requests within the next ten days.

As of December 15, 2010, the government had still not received Perkins' responses to its discovery requests. AUSA Campbell had learned in an unrelated matter, however, that Perkin's counsel had suffered a loss in his family. On November 26, 2010, his older sister had unexpectedly passed away. AUSA Campbell then emailed counsel offering him an extension until January 4, 2011, to respond to the outstanding discovery requests. AUSA Campbell received no response to his email requests, and as of February 25, 2011, had still not received any discovery responses. He thereupon filed a motion to strike Perkins' claim and answer to the complaint pursuant to Rule 37(b)(2)(A)(iii) of the Federal Rules of Civil Procedure, and for entry of a default judgment in favor of the government. The Court ordered Perkins to respond to the government's motion by March 7, 2011.

Only then did Perkins' counsel respond. (Dkt. 21.) Counsel attributed the failure to respond to a series of unfortunate events including Perkins' extended confinement in the Winnebago County Jail until November 8, 2010, the untimely death of counsel's sister which had interrupted his full-time practice of law until mid-December, and the misplacement by counsel's office of documents responsive to the discovery requests that Perkins had dropped off in early January 2011. Counsel further stated that he had hand-delivered the responses to the government's First Request for Production of Documents and First Requests for Admissions to AUSA Campbell on March 4, 2011, and mailed his client's Answers to the government's First Set of Interrogatories to him later the same day. Noting that Perkins had a meritorious defense to the government's claim and that he had now fulfilled his discovery obligations in full, counsel argued that the draconian measures requested by the government were unwarranted.

Unfortunately, counsel for Perkins is wrong. The history recounted above, considering the amount at issue in this case, fully justifies the relief requested. Not even the tragic loss of counsel's sister can justify the repeated failure to respond to the government's discovery requests or at least communicate with AUSA Campbell about the reasons for the delay, which both preceded and continued long after that loss. Indeed, faced with Perkins' failure to respond to the discovery requests even after entry of an order compelling him to do so, coupled with the complete lack of communication with AUSA Campbell after he offered an extension of time in view of counsel's loss, the government had no alternative but to file a motion seeking the very relief counsel now calls draconian. The time for discovery, which had already been extended at the same time the Court granted the government's motion to compel, expired on February 1, 2011, and dispositive motions were due March 1, 2011. When on February 25, 2011, AUSA Campbell had still not received any

3

response to his discovery requests, what else could he have done? Ask the Court to order him to compel him to comply with the Court's previous order compelling him to respond? Even now, it appears Perkins has not fully responded, as the government notes that he has failed to produce his tax returns for the two years immediately preceding the seizure.

"Rule 37 sanctions may only be imposed where a party displays 'wilfulness, bad faith, or fault.'" *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (quoting *Philips Medical Systems Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992)). The procedural history recounted above arguably displays all three, but certainly at least fault. Moreover, Perkins' failure to respond to its discovery requests has resulted in prejudice to the government.

Because of the failure to provide discovery or even respond to AUSA Campbell's attempts to address the delay, the government was forced to file a motion to compel and extend discovery deadlines and then a motion to strike Perkins' claim and answer, each with supporting affidavits and attachments, all for a claim having a value of only $4,734, a substantial amount to most people to be sure, but a relatively small amount in the context of federal litigation. If its motion is denied, the government will be forced to seek another extension of the discovery and dispositive motion deadlines in the case, thereby prolonging the case even further and adding to the cost of resolving it. A lesser sanction of ordering Perkins to pay the government's attorneys fees makes little sense in view of the amount in dispute and the fact that AUSAs do not bill for their time. Finally, the government makes a strong policy argument in favor of the sanction it seeks:

> [T]his Court and the parties can resolve cases, especially smaller-dollar asset forfeiture cases, in an efficient, fair, and just manner only if the parties timely address discovery matters in a way that avoids undue involvement of the Court. When claimant's counsel repeatedly intentionally refuses or fails to timely respond to discovery, the truth-seeking process is wholly frustrated and, depending on the

4

dollar value of the case, claimant's counsel's tactics can make the process of seeking discovery and pursuing justice prohibitively time-consuming and expensive.

(Doc. 23, Pl.'s Reply Mot. for Sanctions, at 8.)

Striking Perkin's claim and answer is without doubt a harsh sanction. It is one which the Court is reluctant to impose, just as it is one AUSA Campbell was reluctant to request. On the other hand, the Court is required to be fair to both parties and to administer and apply the Rules that govern proceedings in cases that come before it so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of the history of this case, the Court concludes that the sanction requested by the government is warranted. Accordingly, the government's motion is granted. Perkins' claim and answer are stricken, and the Clerk is directed to enter a default judgment in favor of the government.

**SO ORDERED** this   5th   day of April, 2011.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge